**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **CEASAR HOLLOWAY** | : | **CIVIL ACTION** |
| | : | |
| **v.** | : | |
| | : | |
| **UNIDENTIFIED BUT IDENTIFIABLE LICENSE HOLDER/OWNER OF PRIVATE PRISON** | : | **NO. 15-1795** |

FILED
MAY - 6 2015
MICHAEL E. KUNZ, Clerk
By________Dep. Clerk

**MEMORANDUM**

**O'NEILL, J.** **MAY 6 , 2015**

Plaintiff Ceasar Holloway, a prisoner incarcerated at the Federal Correctional Institution at Schuylkill, brought this action raising constitutional claims against an "Unidentified but Identifiable License Holder/Owner of Private Prison dba: Trust Fund [Sinking] Account coded: #-066 700 Arch street Philadelphia, Pa. 19106." He seeks leave to proceed *in forma pauperis*. The Court will grant plaintiff leave to proceed *in forma pauperis* and dismiss his complaint.

## I. FACTS[1]

The complaint purports to raise constitutional claims, pursuant to 42 U.S.C. § 1983, under the First, Thirteenth, and Fourteenth Amendments. (Compl. at 2 & 5.) Although the complaint mentions privately run prisons and/or state prisons, plaintiff's claims appear to concern his incarceration at the Federal Detention Center in Philadelphia ("FDC"), which is located at 700 Arch Street (the address of the defendant prison provided in the complaint) and run by the federal Bureau of Prisons. *See Johnson v. Levi*, Civ. A. No. 09-1292, 2010 WL 891227, at *1 n.1 (E.D. Pa. Mar. 11, 2010) ("The federal agency that operates FDC–Philadelphia is the BOP."). Plaintiff was an inmate at the FDC when he assaulted another inmate with a

[1] The following facts are taken from the complaint and publicly available dockets of plaintiff's related federal criminal proceeding.

shank on September 10, 2011. *See United States v. Holloway*, Crim. A. No. 12-686-1 (E.D. Pa.) (Document Nos. 1 & 61). He was charged criminally in connection with that assault and pled guilty to those charges before he filed this lawsuit. *Id.* (Document Nos. 61 & 91). Plaintiff's prison account statement reflects that he has been incarcerated at FCI-Schuylkill in Minersville, Pennsylvania since January 21, 2015.

Although it is difficult to discern the precise nature of plaintiff's claims, it is apparent that they concern the conditions of his confinement at the FDC in the wake of the assault. Plaintiff alleges that on September 10, 2011 he was "accused of an altercation" by defendant's staff, "seized by armed force unilaterally," "placed in total isolation public confinement for 4 years without opportunity to be heard in opposition," and "stripped of 1st Amendment right to petition his local State government for redress by judicial review of 4 year captivity in inferior Court of Common Pleas and all appellate power jurisdiction of the State's Supreme Court."[2] (Compl. 7.) He further alleges that, on September 10, 2011, the defendant

> did knowingly, deliberately, and unlawfully, with malicious intent, with malice aforethought, with gross negligence, and deliberate disregard to the laws against slavery and involuntary servitude labor and injury to plaintiff's life and liberty and freedom, and with unlawful force of arms, chains, and barbwire fences, forced plaintiff to public confinement in a private prison at City of Philadelphia in a cell along with and under identical status of foreign born enemy aliens and criminal aliens captured at War with our Nation that has no privileges and immunities of citizenship, and did unlawfully and in violation of the 14th and 13th and 1st Amendments subjugate plaintiff against his will to involuntary expatriation existence within the State of Pennsylvania and did from all privileges and immunities of citizenship so long as and without restraint even unto this very day defendant publicly confines plaintiff with and as a enemy alien captured at War with Nation or captured living criminally within this State.

[2] It is not clear how plaintiff could have been placed in isolation at the FDC for four years beginning on September 10, 2011, as four years have not passed since that date and as he has been incarcerated at FCI-Schuylkill since January of 2015.

(*Id.* at 8-9.) Plaintiff adds that the defendant "declare[d] [him] unilaterally guilty of assaulting another person without notice nor providing him an opportunity to oppose the declaration of guilt," and deprived him of "even a right to food and water except as the defendant's private prison staff found in their pleasure and whim to afford plaintiff." (*Id.* at 10.)

Plaintiff primarily appears to be requesting a declaration that the conditions of his confinement were unconstitutional and an order restraining the defendant and its staff from violating the rights of the inmates incarcerated at the FDC.[3] He also appears to be seeking damages.

## II. STANDARD OF REVIEW

Plaintiff's motion to proceed *in forma pauperis* is granted because he has satisfied the requirements set forth in 28 U.S.C. § 1915. Accordingly, 28 U.S.C. § 1915(e)(2)(B)(i) & (ii) require the Court to dismiss the complaint if it is frivolous or fails to state a claim. A complaint is frivolous if it "lacks an arguable basis either in law or in fact," *Neitzke v. Williams*, 490 U.S. 319, 325 (1989), and is legally baseless if it is "based on an indisputably meritless legal theory." *Deutsch v. United States*, 67 F.3d 1080, 1085 (3d Cir. 1995). To survive dismissal for failure to state a claim, the complaint must contain "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* The Court may also consider matters of public record. *Buck v. Hampton Twp. Sch. Dist.*, 452 F.3d 256, 260 (3d Cir. 2006). As plaintiff is

[3] To the extent the complaint can be construed to raise claims on behalf of other prisoners, any such claims are dismissed without prejudice because plaintiff, a non-attorney who is proceeding pro se, may not prosecute claims on behalf of others.

proceeding *pro se*, the Court must construe his allegations liberally. *Higgs v. Att'y Gen.*, 655 F.3d 333, 339 (3d Cir. 2011).

## III. DISCUSSION

Although the complaint purports to be raising claims under 42 U.S.C. § 1983, it does not state a claim under that provision because nothing in the complaint suggests that any of the alleged constitutional violations were caused by officials acting under color of state law. *See Groman v. Twp. of Manalapan*, 47 F.3d 628, 638 (3d Cir. 1995) ("[A] suit under § 1983 requires the wrongdoers to have violated federal rights of the plaintiff, and that they did so while acting under color of state law."). Furthermore, as noted above, although the complaint repeatedly references private prisons, it is apparent from the address listed on the complaint and plaintiff's related criminal proceeding that his claims are based on events that occurred while he was incarcerated at the FDC, which is run by the federal Bureau of Prisons ("BOP"). *See Johnson v. Levi*, Civ. A. No. 09-1292, 2010 WL 891227, at *1 n.1 (E.D. Pa. Mar. 11, 2010) ("The federal agency that operates FDC–Philadelphia is the BOP."). While a plaintiff may bring constitutional claims against officials acting under color of federal law pursuant to *Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics*, 403 U.S. 388 (1971), *Bivens* does not authorize a remedy against the BOP itself based on constitutional harms alleged to have occurred in federal prisons.[4] *See Corr. Servs. Corp. v. Malesko*, 534 U.S. 61, 71-72 (2001).

Even if, in light of the complaint's references to the defendant's staff, plaintiff intended to bring constitutional claims under *Bivens* against prison officials/staff at the FDC, the complaint does not state a constitutional claim in its current form. The complaint is mostly comprised of conclusory statements and characterizations rather than clear factual allegations.

---

[4] Nor does *Bivens* authorize a private remedy against private corporations that contract with the BOP. *See Malesko*, 534 U.S. at 63.

Although plaintiff likens the conditions in which he was held to those of an enemy combatant and claims that he has been deprived of his constitutional rights, he does little to describe the conditions in which he was held so as to provide a plausible factual basis for a constitutional claim. Notably, nothing in the complaint suggests that plaintiff was forced into involuntary servitude so as to state a claim under the Thirteenth Amendment. *See United States v. Kozminski*, 487 U.S. 931, 942 (1988). Nor does the complaint reflect that plaintiff suffered actual injury (i.e., the loss of a nonfrivolous or arguable claim) to the extent he suggests he was denied access to the courts. *See Monroe v. Beard*, 536 F.3d 198, 205 (3d Cir. 2008). To the extent plaintiff is claiming that prison officials, acting with deliberate indifference, deprived him of "the minimal civilized measure of life's necessities," or that he suffered an atypical and significant hardship relative to the ordinary incidents of prison life, he has not described the conditions of his confinement in a manner that would allow the Court (or the defendants) to understand the true factual basis for his claims. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994); *Griffin v. Vaughn*, 112 F.3d 703, 706 (1997).

Furthermore, plaintiff is not entitled to declaratory or injunctive relief in connection with his claims based on the conditions of his confinement at the FDC. Declaratory judgment is unavailable "solely to adjudicate past conduct" or "to proclaim that one party is liable to another." *Corliss v O'Brien*, 200 F. App'x 80, 84 (3d Cir. 2006) (per curiam); *see also Andela v. Administrative Office of U.S. Courts*, 569 F. App'x 80, 83 (3d Cir. 2014) (per curiam). Additionally, any requests for injunctive relief against prison officials at the FDC would be moot because plaintiff is no longer incarcerated there. *See Abdul-Akbar v. Watson*, 4 F.3d 195, 206 (3d Cir. 1993) ("[T]he district court could not provide [plaintiff] with meaningful relief by

entering an injunctive order respecting the MSU in which [plaintiff] no longer was incarcerated.").

## IV. CONCLUSION

For the foregoing reasons, the Court will dismiss plaintiff's complaint. Plaintiff will not be given leave to amend to the extent he is raising claims against the operator of the FDC, which is the BOP, because amendment of such claims would be futile. However, plaintiff will be permitted to file an amended complaint in the event he can state a plausible claim against any prison officials who allegedly violated his rights. An appropriate order follows, which shall be docketed separately.